IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INGRID BERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 05530 |
| ) | |
| eHOME CREDIT CORP., a New York ) | Judge Sharon Johnson Coleman |
| corporation; SAXON MORTGAGE ) | |
| SERVICES INC., ) | Magistrate Judge Nan Nolan |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on plaintiff Ingrid Berg's Motion to Dismiss defendant Saxon Mortgage Services Inc.'s Counterclaim pursuant to Rule 12(b)(1) for lack of standing [46] [49]. For the reasons that follow, the motion is denied.

**Background**

Plaintiff and her husband, Stanley Berg, purchased a property in Highland Park, Illinois, in 2001. The Bergs financed the purchase of the property with a mortgage originally held by eHome Credit Corporation ("eHome Mortgage"). In 2005, Stanley Berg filed for bankruptcy. Ingrid Berg did not file for bankruptcy. The bankruptcy court ruled that the trustee of Stanley Berg's bankruptcy estate could avoid the eHome Mortgage as to Stanley Berg's half-interest in the property, but it had no jurisdiction over the half-interest owned by Ingrid Berg. The bankruptcy court further ruled that the trustee could sell the property and Ingrid Berg's share of the proceeds would be subject to valid liens, and that the trustee could deposit the proceeds with

a neutral custodian during the adjudication of any liens.

Ingrid Berg filed this lawsuit seeking a declaratory judgment that her interest in the property is not encumbered by the eHome Mortgage. Defendant eHome Credit Corp. has not filed an appearance in this action. Saxon Mortgage Services, Inc. ("Saxon"), who asserts that it is the servicer of the eHome Mortgage for FV-1, Inc. ("FV-1"), was granted leave to intervene as a defendant. FV-1 purports to be the current holder of the eHome Mortgage and note. Saxon filed an answer and counterclaim seeking a declaratory judgment that the eHome Mortgage is the senior lien on the proceeds from the sale of Ingrid Berg's half-interest in the property.

**Legal Standard**

The present challenge relates to standing and this Court's jurisdiction over the matter. The requirements of standing are: (1) an injury in fact; (2) causation; and (3) redressibility. See, e.g., RK Co. v. See, 622 F. 3d 846, 851 (7th Cir. 2010). When deciding a motion to dismiss the Court accepts well-pleaded allegations of the complaint as true, (Tamayo v. Blagojevich, 526 F. 3d 1074, 1081 (7th Cir. 2008)), and draws all reasonable inferences in favor of the nonmoving party. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). On Rule 12(b)(1) motions, the court may consider material outside the pleadings. See United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003).

**Discussion**

Plaintiff moves to dismiss defendant Saxon's counterclaim, asserting that Saxon has no standing to assert the counterclaim because only the entity entitled to enforce the note may bring a complaint to foreclose the mortgage against the mortgagor. See Bayview Loan Servicing v. Nelson, 382 Ill. App. 3d 1184, 1187-88 (2008). Saxon responds that it is an entity entitled to enforce the note because FV-1 is the holder of the

note and the mortgage and FV-1 authorized Saxon, as its servicer, to enforce the note on its behalf.

Here, it is undisputed that the eHome mortgage and note were transferred once by an allonge to Option One Mortgage Corporation ("Option One") on July 16, 2004. Saxon further asserts that Option One then indorsed the note in blank by an allonge, and that FV-1 is in possession of the original mortgage and note with the allonge indorsed in blank.

Saxon attached as exhibits to its response, the original note (Exhibit A, Dkt. # 53-1), the allonge to the promissory note indorsing the note to Option One on July 16, 2004 (Exhibit B, Dkt. # 53-2), the allonge to the note indorsed in blank by Option One (Exhibit C, Dkt. # 53-3 ), a declaration under penalty of perjury signed by Roger Perlstadt, attorney for Saxon, averring that Saxon has provided the law firm with the original note and indorsements relating to the loan secured by the mortgage on the property at 2205 Kipling Lane in Highland Park, Illinois (Exhibit D, Dkt. # 53-4), and the "Limited Power of Attorney" authorizing Saxon to enforce any of the mortgages/notes that it services on behalf of FV-1 (Exhibit E, Dkt. # 53-5).

Under Illinois law, when an instrument is indorsed in blank it becomes payable to the bearer. 810 ILCS 5/3-205(b) (West 2010). The person in possession of an instrument payable to the bearer is the "holder" of that instrument, 810 ILCS 5/1-201(b)(21)(A) (West 2010), and the "holder" of an instrument is entitled to enforce it. 810 ILCS 5/3-301 (West 2010). Here, the counterclaim alleges that FV-1 is the current holder of the note secured by the eHome Mortgage, and that Saxon has the authority to enforce the note on FV-1's behalf. It alleges that FV-1 obtained the note through various transfers or assignments. The documents attached as exhibits support Saxon's assertions that FV-1 is the holder of the note and that Saxon has the authority to act on FV-1's behalf to enforce the note. Proof of possession is essential for standing to enforce

payment on an instrument. Locks v. North Towne Nat'l Bank, 115 Ill. App. 3d 729, 71 Ill. Dec. 531, 451 N.E.2d 19 (2 Dist. 1983). It is undisputed that the note in Saxon's possession that it presented to the Court is the original. At issue here is the validity of the allonges purporting to indorse the note from eHome Credit Corp to Option One and from Option One to blank payable to bearer.

Plaintiff argues that the allonge presented by Saxon, purporting to be the allonge transferring the note from eHome Credit Corp to Option One is a different allonge than the one presented by eHome in the bankruptcy proceedings. Indeed, the allonge that plaintiff attached to her motion to dismiss that purports to transfer the note from eHome Credit Corp to Option One (Exhibit F, Dkt. # 46-7) appears to be different from the one presented by Saxon. The Court directed Saxon to produce for the Court the original note and the allonges purporting to transfer the note; first from eHome Credit Corp. to Option One and then from Option One to blank. Saxon could provide no explanation for the two different allonges indorsing the note from eHome Credit Corp to Option One. Despite a difference in appearance, the two allonges purport to make the same indorsement and transfer.

Plaintiff further asserts that this Court should adopt a rule that an allonge is not an effective means of indorsement unless there is no space on the note itself to write the indorsement. Plaintiff relies on Brown [Fountain] v. Bookstaver, 141 Ill. 461 (1892), in which the Illinois Supreme Court stated: "Generally, an assignment of a negotiable instrument must be indorsed on the instrument, viz., written on the back of it, that being the meaning of the word >indorsement.' If, however, by reason of the number of indorsements, the back of the instrument is so covered as to make it necessary, 'an extra piece of paper may be tacked or pasted on the instrument, and all future indorsements may be written on the attached paper." Id. at 465.

Plaintiff asserts that this is the only case to address the "space" issue and the use of an allonge. However, plaintiff concedes that Bookstaver is a pre-code case.

Section 3-204 of the Commercial Code states: "For the purpose of determining whether a signature is made on an instrument, a *paper affixed to the instrument is a part of the instrument*."(emphasis added) 810 ILCS 5/3-204(a). When interpreting the language of a statute courts try to ascertain and give effect to the legislative intent. Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund, 199 Ill.2d 414, 424-25, 769 N.E.2d 932, 264 Ill. Dec. 95 (Ill. 2002). The plain language of a statute is the best indication of the legislature's intent. In re Christopher K., 217 Ill.2d 348, 364, 841 N.E.2d 945, 299 Ill. Dec. 213 (Ill. 2005). Where the statutory language is clear and unambiguous, courts will enforce it as written and will not read into it exceptions, conditions, or limitations that the legislature did not express. Id. at 364, n5. The plain language of section 3-204 of the Commercial Code creates no limitation that an allonge is only effective if there is no space on the instrument itself for an indorsement. Morever, the view that indorsement by use of an allonge or paper affixed to the instrument is effective regardless of whether there is space for indorsement on the instrument, is supported by the Official Comments to that section. The Illinois Supreme Court has looked to the UCC comment explanations in discerning legislative intent. See, e.g., Razor v. Hyundai Motor America, 222 Ill. 2d 75, 87, 854 N.E.2d 607, 305 Ill. Dec. 15 (Ill. 2006); Brandt v. Boston Scientific Corp., 204 Ill. 2d 640, 647, 792 N.E.2d 296, 275 Ill. Dec. 65 (Ill. 2003); MidAmerica Bank, FSB v. Charter One Bank, FSB, 232 Ill. 2d 560, 570 (Ill. 2009). The Official Comment to section 3-204 states: "An indorsement on an allonge is valid even though there is sufficient space on the instrument." The Illinois legislature could have limited indorsement by allonges, but it did not.

Plaintiff urges this Court to follow the "law merchant" courts, which generally disallowed the use of an allonge if the instrument contained space to write an indorsement. The code provides for supplement of its provisions by, among other authorities, the merchant law. 810 ILCS 5/1-103(b) (West 2010). However, looking to the merchant law is unnecessary where the provisions of the code itself state that an instrument may be indorsed by a paper affixed to it and the comments explain that use of an allonge is not dependent on the amount of space on the instrument. Thus, under the plain meaning of section 3-204 the use of an allonge for indorsement of an instrument is effective when it is affixed to the instrument. Accordingly, the fact that there is ample space on the note in this case, does not render the allonges ineffective.

However, whether indorsement may be effected by an allonge does not resolve the issue here, where plaintiff is claiming not only that indorsement by allonge is not effective where there is space on the instrument, but also that the allonge was not affixed to the note. As noted above, section 3-204 requires a paper to be *affixed* to the instrument to be an effective allonge. See 810 ILCS 5/3-204(a) (West 2010). The statute does not define "affixed." "It is appropriate to employ a dictionary to ascertain the meaning of an otherwise undefined word or phrase." Landis v. Marc Realty, L.L.C., 235 Ill. 2d 1, 8 (Ill. 2009). The dictionary defines "affix" as "secure to something; attach." The American Heritage College Dictionary, 3d. Edition, Houghton Mifflin Co., Boston, MA, 2000.

The original documents that Saxon presented in court were clearly not affixed to each other. This Court directed Saxon to submit a sworn declaration from a person with knowledge attesting to the chain of transfer and stating how Saxon came into possession of the note and allonges. Saxon filed two declarations: one from Aaron Saunders a Vice President of Saxon Mortgage Services, FV-1, Inc., and Morgan Stanley Mortgage Capital Holdings LLC; a second

from Courtney Bewley, an employee of Saxon in the Document Management Department.

The declaration of Mr. Saunders attests to the chain of negotiation by which FV-1 and Saxon, as its servicer, came into possession of the note and allonges. Saunders states that Saxon is a wholly owned subsidiary of Morgan Stanley Mortgage Capital Holdings LLC ("MSMCH"), and that MSMCH and FV-1 are both wholly owned subsidiaries of Morgan Stanley. Saunders further states that, pursuant to internal practices at Morgan Stanley, notes and mortgages held by MSMCH are routinely enforced by MSMCH's agent FV-1 through FV-1's attorney-in-fact, Saxon. Saunders declares that the note dated July 16, 2004, in the original amount of $470,000 secured by property at 2205 Kipling Lane, Highland Park, Illinois (the "Berg Note") is one of those notes. Saunders states that on or around May 6, 2004, Morgan Stanley Mortgage Capital Inc. ("MSMCI"), a predecessor to MSMCH that merged with MSMCH in 2007, entered into a Purchase Price and Terms Agreement with Option One Mortgage Corporation. Under the agreement with Option One, MSMCI agreed to purchase a pool of residential loans. The loans were conveyed from Option One to MSMCI on September 29, 2004, pursuant to an assignment and conveyance agreement. According to Saunders, the Berg Note was one of the notes transferred in this transaction. Saunders further attests that the original documents transferred from Option One to MSMCI were delivered to Wells Fargo Bank Minnesota, National Association ("Wells Fargo") pursuant to a custodial agreement entered into by MSMCI, Option One, and Wells Fargo, on September 1, 2004. The custodial arrangement was part of the terms of the Purchase Price and Terms Agreement between Option One and MSMCI from May 6, 2004. Saunders states that the custodial agreement required all the mortgage notes being delivered to Wells Fargo to be indorsed "Pay to the order of _____, without recourse" and signed in the name of the last endorsee. (Dkt. #63-1.)

In her declaration, Courtney Bewley stated that in December 2010 counsel for Saxon, Roger Perlstadt, asked her to locate and forward the original note and allonges relating to a loan secured by property at 2205 Kipling Lane, Highland Park, Illinois, 60035. Bewley further stated that Saxon's custom and practice is to maintain a file folder for each property containing all the documents related to that property. Bewley attests that she obtained the folder for 2205 Kipling Lane, which contained several documents including the original two page note and two allonges. Bewley states that the original note and allonges were physically attached to each other and to the folder via a metal fastener inserted between two holes at the top of each page. Bewley further attests that she detached the note and allonges from the folder on December 16, 2010, and sent the to Saxon's attorney Perlstadt. (Dkt. #63-2.)

Therefore, the situation now before this Court is that Saxon is in possession of the note and has provided sworn statements describing how it came into possession of the note as well as a sworn statement by the person who detached the allonges from the note. Based on the foregoing, Saxon appears to this Court to be in possession of the note at issue with two allonges that were affixed to the note, until counsel for Saxon requested the documents, and the second allonge is indorsed in blank and is thus payable to bearer. Accordingly, this Court finds that in the light most favorable to Saxon, it has at least established a sufficient basis to survive the present challenge to standing. Berg's motion to dismiss is denied.

IT IS SO ORDERED.

Date:   February 25, 2011                    Entered:

_____
Sharon Johnson Coleman