IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INGRID BERG,<br><br>                Plaintiff,<br><br>     v.<br><br>EHOME CREDIT CORP., and SAXON MORTGAGE SERVICES, INC.,<br><br>                Defendants. | Case No. 08 C 5530<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on cross motions for summary judgment. The Court heard oral argument on the motions on January 13, 2012. The facts are not in dispute and the sole issue is whether plaintiff Ingrid Berg's half interest in property owned by Ingrid Berg and her husband Stanley Berg is encumbered by the eHome mortgage. For the reasons stated herein, the Court grants summary judgment in favor of defendant Saxon Mortgage Services Inc.

**Background**

Although Ingrid Berg continues to dispute Saxon's standing, this Court ruled that Saxon had shown sufficient evidence that it is the loan/mortgage servicer of the successor in interest of eHome Credit Corporation. Otherwise, the basic facts are not in dispute.

Stanley and Ingrid Berg purchased property in Highland Park, Illinois at a judicial sale on November 10, 2000. The deed was recorded on February 28, 2001. The Bergs executed a mortgage against the property in favor of American Enterprise Bank to secure a $450,000 loan. This loan was refinanced by Stanley Berg through a $470,000 loan from eHome Credit Corp., which was

evidenced by a note ("eHome Note"). Stanley Berg is the sole signatory on the eHome Note. The eHome Note was secured by the eHome Mortgage, which is now at issue.

In 2005, Stanley Berg filed for bankruptcy. Ingrid Berg did not file for bankruptcy and was not a party to Stanley Berg's bankruptcy proceedings. Judge Schmetterer of the Bankruptcy Court ruled following the adversary proceeding in Stanley Berg's bankruptcy that Stanley Berg's bankruptcy estate held a half-interest of the property and Ingrid Berg held the other half interest. With respect to the eHome Mortgage, Judge Schmetterer ruled that Stanley Berg's bankruptcy estate could avoid the lien from the eHome Mortgage because it was not recorded until after Stanley Berg filed his bankruptcy petition. However, Judge Schmetterer did not have jurisdiction to determine whether the eHome Mortgage encumbered Ingrid Berg's half-interest in the property. The property was sold under the direction of the Bankruptcy Court and $169,293.10 of the net proceeds (Ingrid Berg's half-interest) was deposited with the Clerk of the Court pending resolution of the eHome Mortgage issue.

The parties provided copies of the eHome Mortgage. For purposes of the instant motions, the first page is most important. Under the heading "MORTGAGE" there is type-written language stating: "THIS MORTGAGE ("Security Instrument") is given on July 16, 2004. The mortgagor is STANLEY BERG" underneath which Ingrid Berg's name is typed in and is not in all capital letters as is Stanley Berg. Underneath Stanley Berg's and Ingrid Berg's names is a handwritten sentence stating "Here by releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State," after which is type-written ("Borrower"). Ingrid Berg's signature also appears at the end of the document on a line labeled "Borrower" with the same disclaimer as the handwritten sentence on the first page, but here it is typed.

The other provisions worth noting are paragraph 12 and paragraph 23. Paragraph 12 states the following in pertinent part: "Any Borrower who co-signs this Security Instrument but does not

execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent." Paragraph 23 states "Borrower waives all right of homestead exemption in the Property."

Defendant Saxon Mortgage Services Inc. moves for summary judgment asserting that Saxon should be awarded plaintiff Ingrid Berg's half the proceeds that were generated from the sale of the property and that are now being held by the Clerk of the Court. At issue is the legal effect of one document, the eHome mortgage that was used to secure the eHome Note signed by plaintiff's husband Stanley Berg. It is undisputed that Ingrid Berg is not a party to the eHome Note. Saxon contends however that Ingrid Berg is obligated on the eHome mortgage because the first clause of the eHome mortgage document constitutes the definition of "Borrower" and expressly identifies Ingrid Berg as a Borrower within the meaning of the contract.

Plaintiff Ingrid Berg seeks summary judgment in her favor on the basis that she was not a "Borrower" within the meaning of the eHome mortgage and merely signed the eHome mortgage to waive her homestead rights. Ingrid Berg further argues that paragraph 23 already contains a waiver clause for the Borrower and thus she is not a Borrower because that paragraph would be a redundancy. Ingrid Berg points out that her name on the first page of the eHome mortgage is in different typeface than Stanley Berg's name. The parties disagree about whether "Borrower" is defined in the eHome mortgage contract and the legal effect of Ingrid Berg's signature.

**Legal Standard**

A party is entitled to summary judgment if all of the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). On cross-motions, summary judgment is appropriate only when evidence as a whole shows there is no genuine dispute as to any material fact, *Davis v. Time Warner Cable of Southeastern Wis., L.P.,* 651 F.3d 664, 671 (7th Cir. 2011), regardless to which motion the evidence is attached. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

**Discussion**

The parties agree that Illinois contract law governs this case. "The meaning of a written contract is ordinarily a question of law and not one of fact." *Lenzi v. Morkin*, 103 Ill. 2d 290, 293, 469 N.E.2d 178 (1984). In the absence of any material questions of fact, the court may independently construe the contract. *Ancraft Products Co. v. Universal Oil Products Co.*, 100 Ill. App. 3d 694, 697-98, 427 N.E.2d 585 (1981); *Mazanek v. Rockford Drop Forge Co.*, 98 Ill. App. 3d 956, 959, 424 N.E.2d 1271(1981). The Court's objective when interpreting a contract is to give effect to the intention of the parties, which must be ascertained by the language utilized in the contract itself and not by construction placed upon it by the parties. *Lenzi*, 103 Ill. 2d at 293. A contract's meaning must be determined from the words or language used, and a court cannot place a construction on the contract which is contrary to the plain and obvious meaning of the language. *Johnstowne Centre Partnership v. Chin*, 99 Ill. 2d 284, 287-88, 458 N.E.2d 480 (1983). Extrinsic evidence may be introduced to explain the meaning of an ambiguous contract provision, but the

provision is not rendered ambiguous simply because the parties do not agree on its meaning. *Id.* at 288; *Forty-Eight Insulations, Inc. v. Acevedo*, 140 Ill. App. 3d 107, 113 (1986).

Here, the plain language of the eHome mortgage appears to cover the entire property rather than a half-interest as Ingrid Berg asserts. The eHome mortgage states "Borrower does hereby mortgage, grant, and convey to Lender the following described property located in Lake County, Illinois: [legal description of the property is attached to the mortgage] which has the address of 2205 Kipling LN, Highland Park, Illinois 60035." Indeed, there is nothing in the plain language of the eHome mortgage that even implies that the mortgage encumbered only a half-interest in the property. It is of no import that Ingrid Berg did not sign and is not liable for the eHome note. The parties agree that a mortgage can guaranty the debt of a third person, *see e.g., State Bank of Geneva v. Sorenson*, 167 Ill. App. 3d 674, 684, 521 N.E.2d 587 (1988), and the eHome mortgage clearly contemplates a co-signer to the mortgage that is not liable for the note in paragraph 12 referenced above.

Even though the language of the eHome mortgage does not indicate that it is intended to encumber only a half-interest in the property, Ingrid Berg argues that Stanley Berg could only grant a mortgage on his interest in the property. Ingrid and Stanley Berg owned the property as tenants by the entirety and thus could not dispose of or convey any part of the property with out the assent of the other. *See Almond v. Bonnell*, 76 Ill. 536, 540 (1875). A mortgagor can grant a lien only on his interest in property. *See Klein v.* Devries, 309 Ill. App. 3d 271, 273, 722 N.E. 2d 784, 787 (1999) and *In re Estate of Vogel*, 291 Ill. App. 3d 1044, 1048, 684 N.E.2d 1035, 1038 (1997)("a joint tenant in real property may not mortgage <u>unilaterally</u> more than his own interest…"). Yet, there is nothing in the record that would support such a conclusion. In her deposition testimony, Ingrid Berg was unable to shed any light on the intention of the parties to the eHome mortgage. Despite acknowledging that she signed the eHome mortgage, Ingrid Berg testified that she did not recall the

contents, including the handwritten sentence. She testified that she probably just signed it without reading it. The only reasonable interpretation of the eHome mortgage appears to be that both Ingrid and Stanley Berg signed the mortgage with the intention that it applies to the entire property.

Ingrid Berg cites two cases to support her argument that she is not a Borrower for purposes of the eHome mortgage and signed only to allow Stanley Berg to mortgage his interest and to waive her homestead rights: *In re Payne*, 450 B.R. 711, No. 09-59437 (S.D. Ohio, March 31, 2011), and *In re Wirth*, 355 B.R. 60 (N.D. Ill. 2005). In the *Payne* bankruptcy case, the court analyzed a very similar issue to the one presented here – whether the wife of a bankruptcy litigant's interest in a property was encumbered by a mortgage, specifically whether she was a "Borrower" within the meaning of the mortgage. That court found the Mrs. Payne was not a Borrower even though she had signed the mortgage on the last page on a line printed with the word "Borrower". The difference between *Payne* and this case is significant. In *Payne*, only the husband's name appeared on the first page of the mortgage, there was an expressed definitions section that stated "Borrower is" and then underneath was typed "TODD S PAYNE, MARRIED" followed by "Borrower is the mortgagor under this Security Instrument." Here, Ingrid Berg's name appears at in the first portion of the document and is followed by ("Borrower").

In *Wirth*, also a bankruptcy case, Wirth and his then-wife Marilyn Williams executed two mortgages on a property which they owned each a half-interest. The first mortgage with MERS defined "Borrower" as "MARILYN MARCIA WILLIAMS, a single person," and stated that "Borrower is the mortgagor under this Security Instrument." Wirth also signed on a line designated for a "Borrower," but his name was neither printed on the contract nor notarized. With respect to the second mortgage, the agreement again defined "Borrower" as "MARILYN MARCIA WILLIAMS, A SINGLE WOMAN," and Williams signed as "Mortgagor." Wirth signed above a signature line stating: "Paul Wirth Signing for the Sole Purpose of Waiving Homestead Rights."

Wirth filed for bankruptcy. The bankruptcy court found that Williams alone qualifies as a "Borrower" under the express terms of the mortgages. The bankruptcy court referenced a provision for a co-signer that defined the term as "any Borrower who co-signs this Security Instrument but does not execute the Note", but found that Wirth was not a co-signer because he was not identified as a Borrower in the mortgage. Judge Pallmeyer affirmed. In the same manner as *Payne*, *Wirth* is different from the situation at hand in that here, Ingrid Berg is identified in the mortgage and not simply a signature at the end on a line labeled "Borrower." Furthermore, the purported homestead waiver in *Wirth* specifically identifies Paul Wirth and unequivocally states that he is signing for the "sole purpose" of waiving his homestead rights.

Saxon asserts that even though the eHome mortgage lacks a formal definitions section, one method of defining terms in an agreement is by placing a defined term in parentheses and quotation marks immediately following the definition of the term. *Vendetti v. Compass Envtl., Inc.*, 2007 U.S. Dist. LEXIS 86468 (N.D. Ill. Nov. 26, 2007); *see, e.g., Am. Nat'l Fire Ins. Co. v. Nat'l Union Fire Ins. Co.*, 343 Ill. App. 3d 93, 103 (2003); *Alexian Bros. Health Providers Ass'n v. Humana Health Plan*, 330 F.Supp.2d 970, 975 (N.D. Ill. 2004). Here, it appears from the face of the eHome mortgage that the parties used ("Borrower") in such a way to create a shorthand for use of the term Borrower elsewhere in the agreement. The term appears in parentheses and quotation marks after Stanley Berg and Ingrid Berg's names are listed at the very beginning of the agreement. The most logical explanation for this placement is that the parties intended the term "Borrower" as shorthand for Stanley Berg and Ingrid Berg. If Ingrid Berg was not intended to be a Borrower for purposes of the agreement, then presumably the parties would have placed her name elsewhere. Thus, this Court concludes that the parties intended Ingrid Berg to be a "Borrower" for the purposes of the mortgage.

Ingrid Berg argues that to find that she is a "Borrower" would cause a redundancy in the contract. Paragraph 23 of the eHome mortgage states that the "Borrower" waives his homestead rights and thus, the handwritten homestead waiver would be unnecessary. Illinois courts construe contract terms so as to avoid rendering other terms redundant or meaningless. *Arnhold v. Ocean Atl. Woodland Corp.*, 284 F.3d 693, 705 (7th Cir. 2002). However, the handwritten waiver is itself a repetition of the homestead waiver that follows Ingrid Berg's signature on the signature page of the mortgage, and Ingrid Berg has presented no evidence as to why or how the handwritten homestead waiver came to be included on the mortgage. Moreover, Ingrid Berg's interpretation fails to explain why her name would appear under Stanley Berg's on the first page followed by ("Borrower") instead of only on the signature page with the homestead waiver as in *Payne* and *Wirth*. When interpreting a contract, a court must consider the document as a whole. *Premier Title Co. v. Donahue*, 328 Ill. App. 3d 161, 164 (2002) (explaining that it is duty of the court to determine which of the two conflicting clauses most clearly expresses the primary objective and purpose of the contract).

**Conclusion**

Based on the foregoing, this Court finds that the eHome mortgage encumbered Ingrid Berg's half-interest of the property and Saxon is entitled to judgment as a matter of law. Saxon's motion for summary judgment is granted and Ingrid Berg's motion for summary judgment is denied.

IT IS SO ORDERED.

Date: January 25, 2012

Entered: _____
Sharon Johnson Coleman