# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5530 | **DATE** | 2/13/2012 |
| **CASE TITLE** | Berg vs. eHome Credit Corp. | | |

**DOCKET ENTRY TEXT**

This Court denies Mr. Tucker's Motion to Intervene [96]. Mr. Tucker's Motion to Prioritize the lien [97] is also denied. See Order for further detail.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On February 9, 2012, this Court heard arguments on Movant Gary Tucker's motion to intervene and motion to prioritize his claimed attorneys' lien. Mr. Tucker filed his motion to intervene pursuant to Federal Rule of Civil Procedure 24 on February 6, 2012, claiming that this Court's January 25, 2012, Order on the cross-motions for summary judgment impact his interest in the proceeds from the sale of the property that were at issue on summary judgment. Mr. Tucker asserts that he has an attorneys' lien from 1990 that should be paid from the money held in escrow by the Clerk of the Court. This Court finds Mr. Tucker's motion is untimely.

"A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." *Heartwood, Inc. v. United States Forest Service,* 316 F.3d 694, 701 (7th Cir. 2003). There are four factors relevant to timeliness: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and]

| STATEMENT |
|---|

(4) any other unusual circumstances." *Id.* (quoting *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000).

    Here, Mr. Tucker's intervention motion is untimely. He claims he's had a lien since 1990, this case was filed in 2008, Mr. Tucker appeared in Court once approximately a year ago and stated his position, but that he did not want to intervene at that time. Mr. Tucker waited until this Court had entered a dispositive ruling on the case and the only matter remaining is the release of the funds from escrow. This declaratory action's sole purpose was to determine whether the proceeds from the sale of the property were encumbered by the mortgage and subsequently who had rights to the funds. Since Mr. Tucker claims an interest in the funds, his interest would be impacted in one manner or another regardless of which way this Court ruled on the cross-motions for summary judgment. At this juncture, the original parties would be prejudiced by Mr. Tucker's intervention because they would be required to continue litigation that is at its end. On the other hand, Mr. Tucker has not shown that he will be prejudiced if his motion is denied because his claim is based on ongoing litigation in state court adjudication of a *quantum meruit* claim (which Mr. Tucker asserts is an attorneys' lien). Therefore, Mr. Tucker's interest remains uncertain and this Court sees no reason to delay termination of the instant case pending an outcome on Mr. Tucker's *quatum meruit* claim in state court. This Court also rejects Mr. Tucker's request for permissive intervention due to the prejudice that such a delay will cause the original parties in litigation that is nearly over. *See Heartwood, Inc.,* 316 F.3d at 701. Accordingly, Mr. Tucker's Motion to Intervene [96] is denied.

    Mr. Tucker's motion to prioritize the lien is also denied. First, Mr. Tucker's motion is denied as moot since this Court has found that his intervention is untimely. Second, Mr. Tucker has failed to establish he has a lien. Mr. Tucker claims to have an attorney's lien stemming from legal work performed in March 1990 for plaintiff Ingrid Berg. However, Mr. Tucker does not have an active license to practice law due to discipline. Pursuant to Illinois Supreme Court Rule 764(h), a disciplined attorney may receive compensation arising from his former law practice, if he complies with the provisions of Rule 764, but on a *quantum meruit* basis.

| STATEMENT |
|---|
| A civil action for *quantum meruit* is not the same as an attorneys' lien. Mr. Tucker assumes without providing any authority for his position, that a claim for *quantum meruit* is the same as an attorneys' lien. Accordingly, this Court denies Mr. Tucker's Motion to Prioritize the lien [97]. |